### ELIZABETH WESLEY *vs.* MARSHALL H. MALLORY.

The defendant, a young man without a family, had for some time lived without charge in the family of an elder brother with whom he was in business. The brother engaged board for himself and his family with the plaintiff, a boarding house keeper, for a fixed sum per week for the whole. The defendant came to the table with them, but the plaintiff did not understand that he came as a member of his brother's family, but supposed he came as an independent boarder. In a suit brought against him for his board it was held that, inasmuch as he received board without making known to her that he claimed to be a member of his brother's family, he was liable.

ASSUMPSIT, to recover for board furnished the defendant; brought to the Court of Common Pleas of Hartford County. Facts found by a committee, and judgment rendered for the plaintiff, (*Briscoe, J.*) Motion in error by the defendant. The case is sufficiently stated in the opinion.

*Hamersley*, for the plaintiff in error.

*Hatheway*, for the defendant in error.

PARDEE, J. The plaintiff, a boarding house keeper, agreed with an elder brother of the defendant, to furnish meals for himself and family at a certain fixed sum per week for the whole. The defendant had no family, and had for some time lived with his brother, with whom he was in business, the brother making no charge for his board. When the arrangement was made with the plaintiff by the brother the names of the members of the family were mentioned to her, but that of the defendant was not mentioned, or, if mentioned.

she did not understand that he was to come as a member of the family. He came with the family and took his meals at her table from February 19th, 1872, to July 12th of the same year ; to recover payment for which this suit is brought.

Inasmuch as the defendant began to receive board at the plaintiff's table without causing it to be made known to her that he did so in the character of a member of his brother's family, we think he came under an implied promise to pay her, within the definition given by Chief Justice HOSMER, who says that an implied contract is that which reason and justice dictate and which therefore the law presumes that a person has contracted to perform, and upon this presumption makes him answerable to such persons as suffer by his non-performance.

There is no error in the judgment complained of.

In this opinion the other judges concurred.